United States District Court
Southern District of Texas
**ENTERED**
May 24, 2023
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 4:19-0695-2 |
| | § | |
| HENRY MOLINA, BOP # 97185-479 | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Defendant Henry Molina filed a motion for compassionate release (Dkt. 111) seeking release from the Bureau of Prisons (BOP) under 18 U.S.C. § 3582(c)(1)(A).  The Government has not responded.  Having fully considered the motion, the briefing and supporting documents, the applicable law, and all matters of record, the Court **DENIES** Molina's motion for the reasons explained below.

## I.    <u>BACKGROUND</u>

On July 28, 2020, Molina pleaded guilty to one count of conspiracy to possess with intent to distribute heroin, in violation of 21 U.S.C. § 841 and § 846. Along with his wife, co-defendant Betty Jean Molina, Henry Molina participated in a criminal scheme to transport two kilograms of heroin and $500,000 in drug proceeds. When the $500,000 in proceeds were converted to a drug quantity of 6.25 kilograms of heroin, the Molinas were jointly responsible for a total of 8.25 kilograms of heroin.  On April 21, 2021, the Court sentenced Henry Molina to 80 months in the BOP and three years of supervised release. This sentence was within the guideline range.  *See* Dkt. 51 (plea agreement); Dkt. 77 (final pre-sentence investigation report); Dkt. 101 (judgment); Dkt. 102 (statement of reasons).

Molina waived his right to appeal in his plea agreement and did not appeal.

Molina seeks compassionate release because he is over 60 years old and experiencing medical problems.  *See* Dkt. 111, at 2 (claiming that he is experiencing "deteriorating mental or physical health that substantially diminishes [his] ability to function in a correctional facility" and that conventional medical treatment "promises no substantial improvement to [his] mental or physical health").  He states that his medical conditions include a degenerative heart condition, sleep apnea, gout in his lower extremities, chronic high blood pressure, high cholesterol, sinusitis, anxiety attacks, depression, a torn Achilles tendon, numbness in his hands, and loss of smell and hearing.  He lists seven medications he was taking at the time of his motion.  He also states that, before his incarceration, he had a quadruple heart bypass operation and an aortic stent procedure (*id*. at 2-3).  He claims that he has "shown an inability to recover properly from these conditions during his lifetime" and that the BOP disregards the welfare of aging, chronic care inmates (*id*. at 4).  He also claims that his "level 2 chronic care status with a long history of heart and circ[u]latory a[il]ments" and his "co-morbidity factors" place him at "increased risk" of severe illness (*id*. at 5).  He does not provide any specific facts about his medical condition or its effect on his functioning in prison.

Molina states that, if he is released, his intention "is to return to [his] home residence in the Houston, Texas area and hopefully secure employment" (*id*. at 3). He additionally claims that, during his incarceration in the BOP, he has experienced "substantial growth in [his] ability to cope within society" and that he has taken all programming and drug rehabilitation classes offered to him (*id*. at 3-4).

Molina has been detained since his surrender on June 22, 2021 (Dkt. 105). According to publicly available BOP records, his projected release date is April 29, 2026. *See* Find an Inmate, Federal Bureau of Prisons, available at https://www.bop.gov/inmateloc/ (last visited May 12, 2023).  To date, Molina has served less than half of his 80-month sentence.

## II.     <u>COMPASSIONATE RELEASE UNDER U.S.C. § 3582(c)</u>

In general, "court[s] may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c).  However, Molina moves for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), which authorizes a district court to grant a reduction either upon motion by the Director of the BOP or upon motion of the defendant.

Section 3582(c)(1)(A) permits the sentencing court to grant a reduction in sentence, following consideration of factors set forth in 18 U.S.C. § 3553(a), where "extraordinary and compelling reasons warrant such a reduction" and the reduction is "consistent with applicable policy statements issued by the Sentencing Commission."   18 U.S.C. § 3582(c)(1)(A); *see United States v. Shkambi*, 993 F.3d 388, 392-93 (5th Cir. 2021); *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir.), *cert. denied*, 141 S. Ct. 2688 (2021).  Therefore, a prisoner seeking release under § 3582(c)(1)(A) "must overcome three hurdles":

> First, [the prisoner] must prove that extraordinary and compelling reasons justify a sentence reduction.  Second, the reduction must be consistent with applicable policy statements issued by the Sentencing Commission.  Finally, the prisoner must persuade the district court that his early release would be consistent with the sentencing factors in 18 U.S.C. § 3553(a).  If the § 3553(a) factors weigh against a reduction, the district court has the discretion to deny the motion.

*United States v. Rollins*, 53 F.4th 353, 358 (5th Cir. 2022) (cleaned up).  The defendant

bears the burden to "convince the district judge to exercise discretion to grant the motion

for compassionate release."  *Ward v. United States*, 11 F.4th 354, 361 (5th Cir. 2021)

(cleaned up); *Shkambi*, 993 F.3d at 392.

The district court must provide a "thorough factual record" and "specific factual

reasons" for its decision, including but not limited to consideration of the § 3553(a) factors.

*United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).  However, the court is not

required to provide a "lengthy explanation" when denying relief under § 3582(c).  *United

States v. McMaryion*, 64 F.4th 257, 262 (5th Cir. 2023).

A prisoner must exhaust administrative remedies before seeking relief under

§ 3582(c)(1)(A).  *See United States v. Franco*, 973 F.3d 465, 468 (5th Cir.), *cert. denied*,

141 S. Ct. 920 (2020).  Molina states that he exhausted his administrative remedies by

filing a request with the warden (Dkt. 111, at 1). Even if properly exhausted, however, his

motion does not present evidence sufficient to justify his release.

### A.     Extraordinary and compelling reasons

A reduction in sentence may be based in part on "extraordinary and compelling

reasons."  18 U.S.C. § 3582(c)(1)(A)(i).  The United States Sentencing Commission's

policy statement lists four factors that support a finding of "extraordinary and compelling

reasons" under the statute: (A) certain medical conditions of defendant; (B) the defendant's

advanced age, in combination with additional factors; (C) death or incapacitation of the

caregiver for the defendant's minor children or incapacitation of the defendant's spouse;

and (D) other reasons. *See* U.S.S.G. § 1B1.13(1)(A) & Application Note 1. Although district courts are not bound by the policy statement or its commentary, these factors inform the courts' analysis of motions under § 3582(c). *Shkambi*, 993 F.3d at 393; *Thompson*, 984 F.3d at 433. A general fear of infection with the COVID-19 virus does not entitle a defendant to release, especially when the defendant's medical conditions are controlled. *Thompson*, 984 F.3d at 434-35.

Here, Molina claims that his medical condition is an extraordinary and compelling reason for his release because of his chronic care status and his history of cardiac disease that, along with his co-morbidity factors, that place him at "increased risk" of severe illness (Dkt. 111, at 5). However, the Fifth Circuit has clearly stated that the risk of a worsened condition is insufficient:

> [I]t is the actuality, not the risk, of terminal illness that makes a prisoner's circumstances extraordinary. We have repeatedly denied relief in cases where prisoners sought compassionate release due to fear of communicable disease, even when those prisoners were in poor health.

*McMaryion*, 64 F.4th at 260. Molina does not present any facts showing that his condition prevents his self-care in prison. *See* U.S.S.G. § 1B1.13(1)(A) & Application Note 1(A). He also submits a list of medications, which indicates that he is receiving care for his chronic conditions while in the BOP.

Moreover, Molina's history of cardiac problems does not suffice as an extraordinary and compelling reason under § 3582 because a prisoner is required to show that "he faces some extraordinarily severe exigency, not foreseeable at the time of sentencing, and unique to the life of the prisoner." *McMaryion*, 64 F.4th at 259 (cleaned up). In this case, Molina's

conditions were known to the court at sentencing.  *See* Dkt. 77, at 13, ¶ 47 (pre-sentence report notes Molina's quadruple bypass surgery, hypertension, high cholesterol, stent placement, gout, sleep apnea, and borderline diabetes).

Molina has not shown extraordinary or compelling reasons warranting a reduction of his sentence.

**B**.     **Factors under 18 U.S.C. § 3553(a) and 18 U.S.C. § 3142(g)**

Even if Molina could demonstrate an extraordinary and compelling reason, § 3582(c)(1)(A) requires him to demonstrate that the sentencing factors in 18 U.S.C. § 3553(a) support his release.  The applicable factors include the defendant's history and characteristics; the nature and circumstances of the offense; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; the need to deter criminal conduct and protect the public from further crimes of the defendant; and the need to provide the defendant with training or treatment in the most effective manner. *See* 18 U.S.C. § 3553(a). The Commission's non-binding policy statement in U.S.S.G. § 1B1.13, which requires consideration of whether the defendant is a danger to any other person or the community as provided in 18 U.S.C. § 3142(g), also informs the Court's analysis.[1]

---

[1]     The factors under § 3142(g) overlap substantially with the factors listed above for § 3553(a).  *See* 18 U.S.C. § 3142(g) (factors relevant to determination regarding whether the defendant is a danger to others or the community include the nature and circumstances of the offenses of conviction; the weight of the evidence; the defendant's history and characteristics; and the nature and seriousness of the danger posed by the defendant's release).

Molina states that his release will not pose a danger to any other person or his community because he intends to return to the Houston area and pursue employment and because he has gained coping skills in the BOP.  However, his intent to secure employment and his participation in BOP classes, while commendable, is insufficient to justify release under the § 3553(a) factors.  At sentencing, the Court carefully assessed Molina's 80-month sentence to account for the nature and circumstances of the offense, to provide a sentence that is just and reflects the seriousness of the offense, and to deter criminal conduct and protect the public, as provided by § 3553(a).  The Court in its discretion determines that Molina has not shown that the factors now support his release.  He therefore has not met his burden to show that compassionate release under § 3582(c) is warranted in his case. *See Ward*, 11 F.4th at 361.

## III.   <u>CONCLUSION</u>

For the reasons stated above the Court **ORDERS** that Defendant Henry Molina's motion for compassionate release (Dkt. 111) is **DENIED** under 18 U.S.C. § 3582(c)(1)(A).

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on _____ May 24 _____, 2023.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE